## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **JAMES DOUGLAS UNDERWOOD,** | ) | |
| | ) | |
| Debtor. | ) | Case No. 18-70168 |

## MEMORANDUM OPINION

This matter came before the Court upon the Objection to Order Staying Levy or Garnishment ("Objection") filed by Barbara L. Gaudet ("Gaudet"), a creditor of the Debtor, James D. Underwood (the "Debtor"), seeking turnover of $1,431.08 held in the Debtor's Branch Banking and Trust Company ("BB&T") accounts pursuant to Gaudet's garnishment that arose before the Debtor's petition was filed. Counsel for the Debtor and the Chapter 13 Trustee ("Trustee") filed responses thereto and the parties filed briefs in support of their respective positions. A hearing was held on May 16, 2018 at which time the Court heard oral argument from counsel and took the matter under advisement. The Court having reviewed and considered the same makes the following findings of fact and conclusions of law.

## FACTS

The parties in this case do not dispute that Gaudet obtained a judgment against the Debtor in Virginia state court on April 7, 2017 in the amount of $85,203.00 in damages, plus $30,000.00 in attorney's fees. (ECF No. 36-1). Thereafter, on October 20, 2017, Gaudet filed a request with the state court for issuance of a garnishment summons and writ of *fieri facias* for execution on the judgment. *See generally* Va. Code § 8.01-511. On October 25, 2017, the writ of *fieri facias* and the garnishment summons were issued. The summons was directed to BB&T as garnishee.

1

On October 31, 2017 the garnishment summons was served on BB&T by the sheriff and the Debtor's bank account was garnished.

The garnishment summons carried a return date of November 21, 2017 at 8:45 a.m. and the return date was continued by the state court to February 12, 2018 at 11:00 a.m. On that date at 10:53 a.m., the Debtor filed his voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 1301 *et seq.*, before BB&T was ordered to turnover to Gaudet or the state court the sum held in partial satisfaction of Gaudet's judgment. The same day, the Debtor filed a Motion to Quash Garnishment of his BB&T bank accounts. The Court entered its standard Order Staying Levy or Garnishment on February 13, 2018. The Debtor filed the balance of his schedules and Chapter 13 Plan on February 26, 2018, which show that the Debtor exempted $1,431.08 held in his BB&T accounts under Va. Code § 34-4, by setting out his claim of exemption on Schedule C. The Debtor's Chapter 13 Plan contains a motion to avoid Gaudet's judicial lien as impairing his exemption pursuant to 11 U.S.C. § 522(f).

The issue in this case is whether the garnishment by Gaudet extinguished the interest of the Debtor thwarting his efforts to recoup the garnished bank account funds under § 522(f).

## JURISDICTION AND VENUE

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408. This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

**CONCLUSIONS OF LAW**

Gaudet argues that the lien on Debtor's BB&T accounts pursuant to Va. Code § 8.01-511 attached to the Debtor's bank accounts outside of the 90 days and cannot be an avoidable preference pursuant to 11 U.S.C. § 547(b). Gaudet contends that even though no actual, physical transfer of funds occurred, the perfection of the lien occurred outside the preference period and, thus, the funds were not preferential. Gaudet asks this Court to release the funds held by BB&T as a result of the garnishment.

The Debtor admits that the funds in Debtor's accounts at BB&T were subject to Gaudet's lien and seeks to avoid the lien under 11 U.S.C. § 522(f) in his Chapter 13 Plan. The Debtor argues that the automatic stay went into effect prior to the beginning of the state court hearing on the continued garnishment return date, and therefore the Debtor retains an interest in those bank account funds. The Debtor seeks to recover the funds that have been withheld from his bank accounts prior to the filing of his Chapter 13 petition.

The Trustee argues that even if Gaudet possesses a secured claim by virtue of the delivery of the writ of *fieri facias* to the sheriff which cannot be avoided as a preferential transfer pursuant to 11 U.S.C. § 547(b), Gaudet's collection activities under state law are stayed because of 11 U.S.C. § 362 which is a stay imposed by operation of bankruptcy law. The Trustee requests the Court overrule the Objection because Gaudet's attempt to object to an order staying her collection activities should be judged under 11 U.S.C. § 362(d), which authorizes the Court to lift the automatic stay under specified conditions. The Trustee asserts that the basis of the Objection is misplaced and that merely because a creditor possesses a lien and wishes to execute on the lien is not a sufficient basis to lift the automatic stay.

The Debtor and the Trustee are both correct. "Under the law of Virginia, a money judgment can be enforced by causing a writ of fieri facias to be issued by the clerk of the court and to be delivered to a 'proper officer' of the court. *United States v. Harkins Builders, Inc.*, 45 F.3d 830, 833 (4th Cir.1995) (citing Va. Code § 8.01–466)." *In re Andrews*, 210 B.R. 719, 720 (Bankr. E.D. Va. 1997). The lien arises on intangibles when the writ of *fieri facias* is delivered to the sheriff or other proper party. See Va. Code § 8.01-501.

In this case, the writ of *fieri facias* and the garnishment summons were issued on October 25, 2017. (*See* ECF No. 5). Although the parties are unaware of the date that the writ of *fieri facias* was delivered to the sheriff, the writ of *fieri facias* and garnishment summons were served on BB&T on October 31, 2017 by the sheriff or other officer. Thus, this Court makes a finding that this creditor's lien arose no later than October 31, 2017, the date the writ of *fieri facias* and garnishment summons were served on the bank and the Debtor's account frozen.

The Code provides that a "debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . . " 11 U.S.C. § 522(f)(1)(A). The Gaudet judgment can be avoidable if the Debtor had an interest in the funds at the time Gaudet's lien attached to the property. *Farrey v. Sanderfoot*, 500 U.S. 291, 299 (1991). "The term 'interest of the debtor in property' can only be understood as referring to an interest of the debtor in property existing on the date of the bankruptcy filing, not an interest the debtor may have had sometime in the near or distant past." *In re Wilkinson*, 196 B.R. 311, 317 (Bankr. E.D. Va. 1996).

On the day the Debtor filed his bankruptcy petition, the funds were still on deposit at BB&T and had not been delivered to the state court. Section 8.01-515 of the Virginia Code provides, in part, as follows:

> A person so summoned shall appear in person and be examined on oath or he may file a statement. A corporation so summoned shall appear by an authorized agent who shall be examined on oath *or may file a statement,* not under seal of such authorized agent. *Such statement shall show the amount the garnishee is indebted to the judgment debtor, if any, or what property or effects, if any, the garnishee has or holds which belongs to the judgment debtor, or in which he has an interest.* Payment to the court of any amount by the garnishee shall have the same force and effect as a statement which contains the information required by this section. If the judgment debtor or judgment creditor disputes the verity or accuracy of such statement or amount and so desires, then summons shall issue requiring the appearance of such person or authorized agent for examination on oath, and requiring him to produce such books and papers as may be necessary to determine the fact.

Va. Code § 8.01-515 (emphasis added). Here, the funds were not provided, but a statement of the amount garnished was apparently sent to the state court. Once the state court gets the statement from the garnishee, in this case BB&T, Section 8.01-516.1(A) of the Virginia Code is triggered. That Section provides that

> If the amount of liability is not disputed and the garnishee admits liability to the court either by (i) examination on the return date of the summons, or (ii) written statement as provided by § 8.01-515 on or before the return date of the summons, *the court shall order the delivery of such estate or payment of the value of such estate into court without entering judgment against the garnishee.* Should a garnishee fail to comply with the order within thirty days after service of such order on the garnishee, then judgment may be entered against the garnishee.

Va. Code § 8.01-516.1 (emphasis added). Thus, it appears that if the funds aren't actually delivered to the state court on the return date, an order needs to be entered requiring the garnishee to remit the funds it admits it owes. Here, BB&T did not pay the funds to the state court, and there is no evidence the state court ever entered an order compelling BB&T to deliver the funds to it for payment to Gaudet. The funds were still at BB&T. The bankruptcy filing and automatic stay stopped further steps toward delivery of the funds to Gaudet in their tracks.

Gaudet maintains that when the garnishment summons was served on BB&T outside the 90 days, the Debtor lost all ownership rights to the funds held in his BB&T accounts. However,

5

"by act of garnishment, the judgment creditor does not replace the judgment debtor as owner of the property, but merely has the right to hold the garnishee liable for the *value* of that property." *United States v. Harkins Builders, Inc.*, 45 F.3d 830, 833 (4th Cir. 1995) (emphasis in original). "Under Virginia state law, the debtor retains an interest in garnished property until the court orders the funds turned over on the return date of the writ of garnishment." *Canfield v. Simpson (In re Jones)*, 47 B.R. 786, 788 (Bankr. E.D. Va. 1985) (*citing Wilson v. Virginia Nat'l Bank*, 214 Va. 14, 15, 196 S.E.2d 920 (1973)). That was not done here.[1]

In the case currently before the Court, at the time the garnishment summons was returnable, the state court had not entered an order directing BB&T to pay the money into the court, much less pay it to Gaudet. "In *Wilson* the Supreme Court of Virginia stated that the debtor loses a property interest in garnished wages when a court orders payment of the money by the garnishee to the judgment creditor." *In re Neilsen*, 427 B.R. 581, 584 (Bankr. W.D. Va. 2010) (citing *Wilson v. Virginia Nat'l Bank*, 214 Va. at 15).

The funds from the BB&T accounts were never physically turned over to the state court and never delivered to the creditor. As the Trustee points out, the BB&T funds did not vest in Gaudet because the automatic stay was in place prior to the time when the state court could have ordered payment of the bank account funds to Gaudet. Similarly, the court in *In re Brugueras* held that "the Debtor retained the right to exempt the property as a matter of State law, up until the time that the Order of Payment was entered by the State Court." *Brugueras v. Tidewater Finance Co. (In re Brugueras)*, No. 11-17803-BFK, 2012 WL 6055603, at *3 (Bankr. E.D. Va. Dec. 6, 2012).

---

[1] Under Virginia law, a garnishment summons is merely a means to enforce the lien.

Further, the Debtor claimed an exemption in $1,431.08 held in his BB&T accounts under Va. Code § 34-4 in his Schedule C. The Debtor need not actually claim an exemption in order to avoid a judicial lien under Section 522(f) as explained by the Fourth Circuit in *Botkin v. DuPont Community Credit Union (In re Botkin)*, 650 F.3d 396, 400 (4th Cir. 2011).

## **CONCLUSION**

For all of the above reasons, Gaudet's Objection is overruled.

A separate Order will be entered contemporaneously herewith.

**Decided this 30th day of May, 2018.**

_____
UNITED STATES BANKRUPTCY JUDGE